IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDOLPH A. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J. LANDCASTER, DEPUTY SHERIFF, )<br>)<br>Defendant. ) | Case No. CIV-05-361-L |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging that a deputy sheriff with the Oklahoma County Sheriff's Department violated his constitutional rights while he was awaiting transportation to court. United States District Judge Lee R. West[1] referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On August 31, 2005, Plaintiff was directed to complete the necessary service papers and to furnish them to the Clerk of this Court on or before September 15, 2005. A copy of the order and necessary service papers were mailed to the Plaintiff by the Clerk. [Doc. No. 12]. A review of the court file on October 4, 2005 revealed that Plaintiff had not complied with the order in that the necessary service papers had not been returned to the Clerk for processing and issuance. Plaintiff was sua sponte granted an additional 45 days to serve the Defendant and was granted an extension until October 19, 2005 within which to provide the necessary service papers to the Court for processing and issuance. [Doc. No. 13]. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was also

---

[1] After the referral, Judge West transferred the case to United States District Judge Tim Leonard.

advised that failure to obtain service on the Defendant within 120 days of the filing of the complaint could result in dismissal of this lawsuit.

The most recent review of the court file reveals that despite the sua sponte extension of time for Plaintiff to return the service papers to the Clerk of Court for processing and issuance, and the warning that his failure to do so could result in dismissal of the lawsuit, Plaintiff has neither complied with the Court order nor communicated with the Court in any way regarding this matter.  The Court file indicates that Plaintiff received both the initial order directing him to complete the necessary service papers and to furnish them to the Clerk of this Court, and the order granting him a sua sponte extension of time and warning him of the consequences of his failure to comply.  However, despite the Court's specific warning, the last communication from Plaintiff was a change of address filed on October 24, 2005.

Plaintiff is required to serve the Defendant with a summons and a copy of the complaint.  See Fed.R.Civ.P. 4(c)(1).  If such service is not made within 120 days after filing of the complaint, the Court sua sponte or on motion may dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  Over eight months have elapsed since the filing of this action, and although Plaintiff is a pro se litigant, he is required to follow the same rules of procedure governing other litigants.  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  His failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is thus grounds for dismissal of his pro se complaint in the absence of justification for the failure.  Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992).

The Court's preliminary inquiry under Rule 4(m) is to determine if the Plaintiff has shown good cause for his failure to timely effect service. Espinoza v. United States, 52 F.3d

838, 841 (10th Cir. 1995). The undersigned finds that Plaintiff cannot demonstrate good cause in this case. After it was discovered that Plaintiff had not taken the steps as directed in the Court's order of August 31, 2005, the Court granted a generous sua sponte extension of time and specifically advised Plaintiff that his failure to effect service could result in dismissal of his complaint. Nonetheless, Plaintiff still failed to comply with the deadline as extended, and neither sought additional time to comply nor provided any explanation to the Court for his failure. In fact, Plaintiff filed a change of address with the Court without addressing the service matter.

Even though Plaintiff has failed to show good cause, the Court must further consider whether another permissive extension of time is warranted. Id. In Espinoza, the Tenth Circuit identified factors the district courts should consider in determining whether a permissive extension of time is warranted. Id. at 842. Those factors include: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the plaintiff is faced with the "complex requirements of multiple service"; and (3) whether, in the case of a pro se plaintiff, the failure to effect timely service is the result of confusion or delay attending the resolution of an in forma pauperis petition. Id. at 842 and n. 8. In considering these factors, the undersigned recommends that no further permissive extensions of time be granted. First, although Plaintiff waited until only four days before the applicable limitations period expired before bringing this action,[2] dismissal for failure to timely serve under Fed.R.Civ.R.4(m) would not prejudice him because Oklahoma's

---

[2] Plaintiff brought a prior civil rights action in this Court in which he complained of the same incident which forms the basis of this action. Jackson v. Whetsel, No. CIV-03-516-L. That action was dismissed on April 30, 2004, due to Plaintiff's failure to exhaust his administrative remedies. He then waited until only four days remained on the original applicable limitations period before filing this action.

savings statute would appear to allow him to reassert claims within one year of the dismissal if the current action were considered timely.  See Okla. Stat. tit. 12 § 100; Williams v. City of Guthrie, No. 03-6212, 109 Fed.Appx. 283, 286 (Sept. 8, 2004);[3] see also Mott v. Carlson, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); cf. Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma").  Second, this case is against a single Defendant and presents no complex service requirements – indeed, Plaintiff has failed to even provide service papers to the Clerk of Court for processing and issuance.  Finally, Plaintiff is not appearing in forma pauperis.  Under these circumstances, Rule 4(m) strongly supports dismissal without prejudice.  Carter v. Sharp, No. 95-6447, 1996 WL 709847, at **1 (10th Cir. Dec. 10, 1996) (holding that the district court properly dismissed a § 1983 complaint because the plaintiff had not shown good cause for her failure to serve the defendant).

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to serve the Defendant within the time limits prescribed by Fed. R. Civ. P. 4(m).  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 2, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that

---

[3] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

failure to file a timely objection to the Report and Recommendation waives his right of appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED this 13th day of December, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE